IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARILYN K. SHUMATE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 11-00078-CG-M |
| | ) | |
| SELMA CITY BOARD OF EDUCATION | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Until recently, an employee who engaged in conduct protected under Title VII and suffered a materially adverse employment as a result had a claim for retaliation if "the protected activity and the adverse action were not wholly unrelated." Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008) (quotations omitted). Applying that standard, the court denied a motion for summary judgment on Plaintiff Marilyn K. Shumate's claim of retaliation based on her application for a job as the cafeteria manager of Kingston Elementary School.[1] (*See* Doc. 98 (granting summary judgment as to all of Shumate's other claims).)

---

[1] That instance of alleged retaliation forms the basis for two claims of retaliation—one under Title VII (Count Two), the other under § 1981 (Count VII)—so it would be more accurate for this opinion to refer to Shumate's surviving claim*s*. But because those two claims involve the same facts and legal elements --(more on that *infra*)--, the court will, for brevity's sake, refer to them as a single claim of retaliation.

But the Supreme Court has changed the rules since then. Now, thanks to University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013), Title VII retaliation claims cannot succeed without evidence that the adverse employment action wouldn't have happened if it weren't for the protected conduct—the not-wholly-unrelated standard has given way to a more demanding one of but-for causation. See id. at 2533 ("Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . ."). The matter comes before the court on the Board's motion to reconsider. (Doc. 127.)

In light of *Nassar*, reconsideration is indeed in order; but only of the court's legal conclusions. There is no need to revisit the factual determinations from the earlier order on summary judgment. Thus, this opinion will take it for granted that the evidence, viewed in the light most favorable to Shumate, shows that the interview panel "unlawfully considered and/or discussed protected activity"—i.e., another lawsuit Shumate filed against the Board before she applied for the job at Kingston—before it decided to hire someone else. (Doc. 8 at 19.)

Under the McDonnell Douglas framework, that evidence establishes an inference of discrimination (*see* Doc. 98 at 14–16), which the Board must rebut with evidence of legitimate, nonretaliatory reasons that Shumate did not get the job at Kingston, see Smith v. Lockheed-Martin Corp., No. 09–15428, 2011 WL 2567777, at *2 (11th Cir. June 30, 2011). And as the court

noted in its order on summary judgment, the Board has met that burden with evidence that it had a number of good reasons for not hiring Shumate, including her relatively poor interview performance, her relative lack of experience, and her history of problems getting along with others. (*See* Doc. 98 at 17.) On these first two points, Nassar does not change the analysis.

That leaves the final McDonnell Douglas step, which requires Shumate to show pretext. Specifically, Shumate must present evidence that could lead a reasonable juror to conclude both that the Board's articulated reasons for not hiring her were false and that the real reason was unlawful retaliation. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993). This is where Nassar's holding makes a difference.

Under the old standard, Shumate didn't have to prove that she would have gotten the job if the interview panel hadn't considered her lawsuit; it was enough that the interview panel "considered and/or discussed" the lawsuit when it was deciding whom to hire at Kingston. (Doc. 98 at 19.) Presented with that evidence, a reasonable juror could conclude that the interview panel wouldn't have discussed Shumate's lawsuit at all unless it factored into their decision, which would support an inference that Shumate's protected conduct was a motivating factor behind her not getting hired. Shumate could defeat summary judgment with that evidence when she didn't have to show that her protected conduct was the reason she didn't get the job, just that it factored in to the decision.

3

But post-Nassar, Shumate has to meet a higher standard. In order to prove that she suffered unlawful retaliation, she has to convince a jury that she would have gotten the job if the interview panel hadn't discussed her other lawsuit. The evidence does not support that conclusion. Instead, given the unrebutted evidence that the interview panel hired the successful candidate because she was better qualified (see Doc. 98 at 36–38 (finding that Shumate's evidence failed to show that the Board's belief that the successful candidate was better qualified was false)), a reasonable jury could not conclude that Shumate would have gotten the job but for her protected conduct. Because Shumate has failed to rebut the Board's legitimate, nonretaliatory reasons for not hiring her, her retaliation claim can no longer survive the Board's motion for summary judgment.

Shumate resists that conclusion, but she doesn't point to any evidence that compels a different result. (For that matter, she doesn't point to any evidence at all.) Instead, she opposes the motion for reconsideration with three off-the-mark legal arguments that don't so much as mention the evidence in this case.

First, Shumate argues that Nassar's holding doesn't apply to her § 1981 claims. But that argument contradicts decades of decisions that hold § 1981 claims based on employment discrimination to the same standard as claims under Title VII. See, e.g., Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985) ("Where . . . a plaintiff predicates liability under Title VII on

4

disparate treatment and also claims liability under [§ 1981], the legal elements of the claims are identical . . . .); Brown v. Alabama Dep't of Transportation, 597 F.3d 1160, 1174 n.6 (11th Cir. 2010) ("The analysis under [§ 1981] claims mirrors that under Title VII"); see also Welch v. Eli Lilly & Co., No. 1:10-cv-1705, 2013 WL 4413323, at *19 (S.D. Ind. Aug. 15, 2013) (applying Nassar's standard to a retaliation claim under § 1981). Absent a clear signal that Nassar's holding unsettled that binding authority, the court will not apply a different standard to Shumate's § 1981 claim than it does to her claim under Title VII. Thus, her first argument fails.

Shumate's next argument is technically correct but hardly persuasive; she spends ten pages arguing that "[t]he 'but for' standard adopted by the Court in Nassar is not the 'sole cause' standard." (Doc. 129 at 6.) That axiomatic premise hardly deserves such treatment given the crystal clarity of Nassar's holding: "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . ." Nassar, 133 S. Ct. at 2533. To the extent the Board has invited the court to apply a standard of sole causation, the court has declined. This opinion is premised on the standard announced in Nassar. On summary judgment, Shumate's burden is only to produce evidence that could lead a jury to conclude that her lawsuit was the but-for cause of her nonselection at Kingston. For the reasons discussed above, she has failed to carry that burden.

Finally, Shumate argues that the court cannot grant the Board's motion without "weigh[ing] the evidence and judg[ing] the credibility of witnesses." (Doc. 129 at 15.) She never really explains what she means by that. To the extent the credibility of any witnesses are at issue here, the court has resolved all questions in Shumate's favor by assuming that the Board discussed her other lawsuit before it decided not to hire her. And although Shumate correctly notes that "where there are genuine issues of material fact as to what actually motivated the defendant, those factual disputes may [not] be resolved by the Court" (Doc. 129 at 16), she hasn't pointed to any evidence that creates a genuine issue of material fact on the question of but-for causation.

Accordingly, it is **ORDERED** that, upon reconsideration of the previous order on summary judgment (Doc. 98), summary judgment is **GRANTED** on Counts II and VII pertaining to Shumate's 2011 interview for the Kingston Elementary position. Because those were Shumate's only surviving claims, an appropriate judgment will follow.

**DONE** and **ORDERED** this 24th day of October, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE